JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

---

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-688-2548 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

October 28, 2025

**VIA ECF**

Hon. Jesse M. Furman, U.S.D.J.
United States District Court

   Re: **Aviles v. Heidi's House LLC** – 1:25-cv-2034 (JMF)

Dear Judge Furman:

  We represent Plaintiff Elliot Aviles in the above-referenced action. We write in accordance with Rule 4(B) of this Court's Individual Rules and Practices in Civil Cases to respectfully request a conference on Plaintiff's motion to: (1) sanction Defendants for failing to take appropriate steps to produce payroll records that are admittedly in their custody or control; and (2) set a trial date and preclude Defendants from offering individuals that they did not disclose on their initial disclosures as witnesses at trial.

  **I.** **Defendants Should Be Sanctioned for Failing to Produce Payroll Records within their Control**.

  This is an action asserting claims of failure to pay overtime wages and failure provide appropriate wage notices and statements brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On September 4, 2025, Plaintiff moved to compel Defendants to produce payroll records that they had not disclosed either in response to Plaintiff's July 2025 document requests. *See* ECF Dkt No. 17. In response, Defendants represented they had "produced all of the payroll records that Defendants have in their possession, custody or control" and that Defendants had been "unable to locate any additional payroll records, time records, and wage notices." ECF Dkt. No. 21. The only payroll records Defendants have produced cover roughly two-and-a-half years out of the six-year limitations period – from February 2022 through the end of Plaintiff's employment in November 2024.

  On September 11, 2025, this Court denied Plaintiff's motion to compel as moot in light of Defendants' representation. The Court warned Defendants that "if their representation that they do not have other responsive materials within their possession, custody, or control turns out to be wrong, the result will be sanctions." ECF Dkt No. 22. Plaintiff took Defendants' representations at face-value, that they in fact had no further responsive documents under their control.

1

Discovery closed on October 20, 2025. The Parties agreed that David Hazan's deposition would take place on October 21, 2025, one day after the discovery deadline, in light of the cascade of Jewish holidays in the prior weeks. At his deposition, David Hazan testified that he purchased the restaurant in 2022 and produced payroll records from after his purchase of the restaurant to the end of Plaintiff's employment in 2024. He further testified, however, that the restaurant previously used a payroll service (ADP) and that despite the Court's order and Defendants' representations, Defendants did not contact the payroll company to retrieve the responsive payroll records.

The term control in the context of discovery means that the responding party has "the right, authority, or practical ability to obtain the documents at issue." *Gruss v. Zwirn,* 296 F.R.D. 224, 230 (S.D.N.Y. 2013) (quotation marks omitted). Plaintiff requests that the Court require Defendants to contact the payroll company, request the records and produce them within two weeks of the Court's Order. If Defendants, after two weeks are unable to retrieve those records after such efforts and can certify to the Court that they made such attempts, Plaintiff requests that the Court permit him to subpoena the payroll company for the missing records (or order Defendants to produce such records within one week) and order Defendants to pay costs and attorneys' fees incurred in making this application and in subpoenaing the documents, if necessary.

## II.     Defendants Should be Precluded from Offering any Witnesses at Trial that they Failed to Disclose on their Initial Disclosures.

In July 2025, Defendants served Plaintiff with their initial disclosures pursuant to Rule 26(a)(1). *See* Ex. A (Initial Disclosures). On those disclosures, Defendants identified only two individuals likely to have discoverable information "that Defendants may use to support their claims or defenses" – Defendants David Hazan and Beth Hazan. *See id.* ¶ A. Fact discovery in this matter closed on October 20, 2025. *See* ECF No. 14. Since the close of discovery, Defendants represented to Plaintiff that Defendants intend to call as witnesses people that they identified in their interrogatory responses as individuals with knowledge of Plaintiff's hours worked. Defendants never amended or supplemented their initial disclosures, and discovery is closed. While it is still not 100% clear which of the five additional individuals identified in the interrogatory responses Defendants intend to call, they have indicated that two former coworkers, Rosendo Fernandez and Cipriano Pita, will testify about Plaintiff's hours.

Defendants should be precluded from any witnesses at trial that they did not properly disclose on their initial disclosures (unless solely for impeachment purposes). Under Rule 37(c)(1), a party who fails to identify a witness as required by Rule 26(a) is not allowed to use that "witness to supply evidence on [a] motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (summary order).

Here, Plaintiff was always aware which individuals had knowledge of his hours worked, *i.e.,* the people identified in Defendants' interrogatory responses. However, (a) two of those individuals were prior owners of the restaurant, with whom Plaintiff had a good relationship and whom Plaintiff did not anticipate would testify differently than him about his hours worked, and

(b) Rosendo Fernandez and Cipriano Pita are Plaintiff's nephew and brother-in-law in respectively, whom Plaintiff similarly did (and does) not anticipate would testify differently than him. Accordingly, given their absence in Defendants Initial Disclosures, Plaintiff, in the interest of streamlining this litigation and not embroiling people with whom he had a good relationship in this dispute, did not seek their depositions or any data from them. Defendants' "passing reference" to these witnesses in their "interrogatory response fails to satisfy Rule 26 . . .." *Xiao Hong Zheng v. Perfect Team Corp.*, 739 Fed. App'x 658, 662 (2d Cir. 2018) (summary order) (citing *Lujan v Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72 (E.D.N.Y. 2012) ("Many courts in this Circuit (including this one) have held that the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)(i).") (collecting cases)). "Rather, to satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial." *Lujan*, 284 F.R.D. at 73 (collecting cases). Defendants should be precluded from now sandbagging Plaintiff and relying on the testimony of the undisclosed witnesses on a motion or at trial. *See Zheng*, 739 Fed. App'x at 662 (affirming district court's decision to strike the testimony of plaintiff's co-workers who were not properly disclosed); *Lujan*, 284 F.R.D. at 74-75 (striking the testimony of undisclosed witnesses pursuant to Rule 37(c)).

Moreover, Defendants should not be heard to argue that their discovery dereliction should be excused as "substantially justified" or "harmless." Fed. R. Civ. P. 37(c); *see also Haas*, 282 Fed. App'x at 86 (listing the factors courts consider when deciding to exclude evidence under Rule 37(c)). Reopening discovery now would not cure the prejudice to Plaintiff. Plaintiff has conducted discovery and litigated this case in good faith reliance on Defendants' disclosure that it would proffer the testimony of only the two witnesses it properly disclosed. Had Plaintiff been alerted to Defendants' intention to rely on the testimony of the non-party witnesses, he would have: (1) subpoenaed the deposition testimony of these individuals; and (2) subpoenaed these individuals' cell phone records, which would likely have information concerning Plaintiff's hours worked, as he regularly texted them about his arrival/departure times.[1] More crucially, had Plaintiff been placed on notice of the need for such evidence at the time Defendants' initial disclosures were due, he would have asked different or additional deposition questions of the two witnesses Defendants *did* properly disclose. Thus, Plaintiff's prejudice is not simply the time, expense, and additional effort involved with subpoenaing the undisclosed witnesses and their records (which is substantial), but also the lost opportunity to conduct discovery with a full understanding of the evidence upon which Defendants intended to rely. As a result, the proper outcome is preclusion. *See Zheng*, 739 Fed. App'x at 662; *Lujan*, 284 F.R.D. at 74-75.

If the Court is not inclined to exclude the testimony of the undisclosed witnesses altogether, Plaintiff respectfully requests that: (1) Defendants now serve proper and full Initial Disclosures, (2) Plaintiff be allowed to subpoena the deposition testimony of and relevant documents from the any previously undisclosed witnesses; (3) Plaintiff be allowed to reopen the depositions of the two properly disclosed witnesses to address any information provided through these subpoenas; and (4) Defendants be ordered to cover all costs and attorneys' fees associated with this application and such subpoenas and depositions.

---

[1] Plaintiff cannot produce such phone records himself because his phone was stolen and he could not retrieve the data.

Respectfully submitted,

/s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
212-688-5640

*Attorneys for Plaintiff*

Application GRANTED in part.  Specifically, Defendants shall, within two weeks of the date of this Order, obtain and produce any and all responsive records from ADP.  As to the other issues raised above, the parties shall appear for an in-person conference on November 6, 2025, at 10:15 a.m. in Courtroom 24B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY (which is the undersigned's new courtroom).

The Clerk of Court is directed to terminate ECF No. 25.

SO ORDERED.

November 3, 2025